McDonald, respondent, *v.* Stokey, appellant.

BANK CHECK — *indorsement of — bill of exchange — days of grace — protest.* An instrument in these words,

"No. 4, HELENA, M. T., *May* 15, 1871.

[Stamp.]

"Fox & LYSTER, *Bankers:*
    "Pay to Thomas Cotsworth, or bearer, twenty dollars.
                                                "CHARLES HENDRIE."
Indorsed: "GEORGE STOKEY."

is not a bill of exchange, but a "check for funds deposited in bank," and is not entitled, under the laws of this Territory, to any days of grace, and the indorser is liable without any notice of its non-payment.

Bank check — *characteristics of.*  A bank check is always drawn on a bank or banker, and is an absolute appropriation of a certain sum in the hands of the banker; it is payable immediately on presentation on the day designated, and presented only for payment, and is not allowed any days of grace.

*Appeal from the Third District, Lewis and Clarke County.*

This action was tried in August, 1871, and judgment was entered for McDonald, by WADE, J., on the verdict.   The facts appear in the opinion.

CULLEN & COMLY, for appellant.

The terms, "bills of exchange" and "promissory notes," include every species of commercial paper.   *Harker* v. *Anderson,* 21 Wend. 373; Byles on Bills, 26.

The legislature intended that all the rules of commercial paper, except that relating to days of grace, should apply to the checks sued on.   Acts 1865, 343; Broom's Leg. Max. 638.

Modern decisions place checks on the same basis as bills of exchange, and the same diligence and character of notice are required to charge an indorser upon a check and bill of exchange.   *Minturn* v. *Fisher,* 4 Cal. 35; *Merchants' Bank* v. *Spicer,* 6 Wend. 445; *Smith* v. *Jones,* 20 id. 194; *Sutter* v. *Burt,* id. 205; *Harker* v. *Anderson,* 21 id. 373; *Sherman* v. *Comstock,* 2 McLean, 19; Story on Prom. Notes, § 495.

The appellant was not liable upon the checks until he had been served with notice of its presentation, demand and non-payment, as required for bills of exchange.   Acts 1865, 343.

This act is *in pari materi* with the section applicable to persons holding over lands, tenements, etc. (Acts 1865, 174, § 658), in which case a notice in writing is material. *Livingston* v. *Turner,* 14 N. Y. 64.

SHOBER & LOWRY, for respondent.

The checks sued on are expressly excepted from the provisions of the statute relating to bills of exchange.   Acts 1865, 343, § 2.

Checks are not entitled to days of grace. Byles on Bills, 285 ; Story on Prom. Notes, 673–675.

An order on a bank to pay on a future day is a check, and is not entitled to grace. Byles on Bills, 86 (n.); 3 Kent's Com. 104; *Taylor* v. *Wilson*, 11 Metc. 52.

The object of the law is to give the indorser notice, and it is immaterial whether it is written or verbal, if it is given by the holder at the proper time. Story on Prom. Notes, § 315.

Demand of payment of a check must be made with reasonable diligence, according to the circumstances of the case. *Mohawk Bank* v. *Broderick*, 13 Wend. 133. Due diligence was used in this case by respondent. The checks were presented at the bank on the day they were payable, and the appellant was notified of their non-payment. This action was properly brought after the checks had been presented and payment refused, and the appellant had had notice thereof without delay.

Murphy, J. This suit was brought to recover the sum of $191, with interest and costs, upon three certain instruments of writing, sued on as bank checks, drawn by one Charles Hendrie on the 15th of May, 1871, on the banking house of Fox & Lyster, Helena, numbered 4, 6 and 13, and for the sums of $21.90, $23.70 and $145.50, respectively, and indorsed by defendant, Stokey, to plaintiff, McDonald, for a valuable consideration.

The cause was tried by a jury below, and a verdict and judgment for plaintiff, for full amount of checks, with interest, and costs and disbursements of plaintiff. From which judgment defendant appeals to this court.

It seems that the only question necessary for us to consider here is, whether or not these checks are in effect "bills of exchange," and come within the purview of the legislative act of December 31, 1864, concerning bills of exchange and promissory notes, section 6 of which requires the holder, in order to make the contingent liability of any indorser of any bill of exchange or promissory note absolute, to cause

it to be presented at the place where, by its terms, it is payable, if any place is specified therein, otherwise to the person who is primarily liable, for payment, and if payment on such presentation at maturity be neglected or refused, to cause a written or printed, or partly written and partly printed, notice of such presentation, demand and non-payment, briefly describing the bill or note, to be served immediately thereafter upon the indorser, unless the same shall be protested in the usual manner by a notary public.

By section 2 of said act, it is provided that "three days of grace shall be deemed and taken to apply to all bills of exchange and promissory notes maturing within the Territory." But in the same section it also declares that "this provision shall not extend to drafts payable at sight, nor to checks for funds deposited in bank, or elsewhere, subject to draft at sight."

Now if these instruments are in fact "bills of exchange," or can be properly so considered, within the meaning of the act referred to, they must be governed by the same rules as to notice, etc., and are entitled under the statute to three days of grace, and the indorser, before he can be held liable, to due notice, either in printing or writing, or in both, of presentation, demand and non-payment, or to notice by means of protest.

Otherwise, they can be treated only as "checks for funds deposited in bank," and by the terms of the statute, entitled to no days of grace, and the indorser to no notice.

But are they in fact, as in case of "bills of exchange," within the meaning of the statute? And did the legislature intend to subject the holder of such instruments to the vexation and delay, not to say injury, that might occur, if, in order to hold an indorser responsible, he were compelled to resort to the formality of serving a written or printed notice or procuring a regular protest at the hands of a notary public?

As contradistinguished from bills of exchange, the distinguishing characteristics of checks are, that they are always drawn on a bank or banker, are payable immediately

on presentment, are not allowed any days of grace, and are never presented for mere acceptance, but only for payment.

And Chancellor KENT, in his learned commentaries, says that a check is an acknowledgment of a certain sum due, and that it is an absolute appropriation of so much money in the hands of the drawer's banker to the holder.

In this respect a check materially differs from a bill of exchange, which at law is not an appropriation of the money of the drawer or maker until its acceptance, which is never necessary in the case of a check.

Now these instruments are each drawn on Fox & Lyster, bankers, which fact of being drawn upon a bank or bankers, is the principal feature that distinguishes checks from bills of exchange, and the main characteristic which serves to determine whether any particular instrument of this character is a check or a "bill of exchange." They simply require these bankers to pay to the persons therein named the sums of money therein specified, respectively, not on a future or different day from their date, as they might have done by being post-dated, but from their very terms evidently intending payment to be made on the same day they were drawn, or immediately on demand, without any days of grace whatever and without the delay of presentation for mere acceptance.

And they seem on their face to unmistakably import a present sum due, and a simple appropriation of that sum, from the funds of the maker, in the hands of his banker, to the use of the holder.

Besides they seem to be otherwise and in all respects in the usual form and to possess all the necessary characteristics of ordinary checks upon funds supposed to be on deposit in bank to the credit of the drawer.

This whole subject is elaborately and ably discussed in the *Matter of Brown*, 2 Story, 502. The words of the instrument sued on there and these sued on here are precisely alike, except only as to names, sums and times of payment, those being post-dated, and in effect payable on

a future day, and these payable on the very day of their date, or immediately on presentment.

And notwithstanding the fact of the instruments in that case being payable on a different day from their date, yet the court held that they were nevertheless checks and payable on the very day specified, and without days of grace. And in support of that decision various high authorities are cited.    See, also, 11 Metc. 44.

In short, there can be no doubt that it is the usage of banks, and the understanding of the parties to instruments of this character, to treat them as checks and payable immediately on presentment, on the very day of their date or on the precise day designated.    And being the constant habit of business among commercial men, it has become like all other usages of merchants, the *lex et norma*, by which to arrive at the true intent of the parties and to correctly expound the contract.

The parties have, in the present case, used the common form of ordinary bank checks, and by so using them they impliedly authorize the bank to treat them as checks and to pay them as checks, payable on the very day of their date, immediately upon presentment, without any days of grace or other delay whatever.

We hold, therefore, that these instruments are simply "checks for funds deposited in bank," and by express provision of the statute, consequently entitled to no grace, and in fact not included, nor by the legislature so intended to be included within the meaning of that other provision of the act, which, in order to hold an indorser liable, requires, as to bills of exchange or promissory notes, written or printed notice of formal presentment, demand and non-payment, or notice by the usual process of regular protest by a notary public, to be served upon the indorser.

The judgment is affirmed.

*Judgment affirmed.*